IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DRISKELL,

    Plaintiff,      No. CIV S-10-2033 KJM GGH PS

  vs.

MACY'S DEPARTMENT STORE
DOWNTOWN SACRAMENTO,   ORDER;

    Defendant.     FINDINGS & RECOMMENDATIONS

_____/

I. <u>Introduction</u>

    Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to Local Rule 302(c)(21).  Presently pending is defendant's motion to dismiss this action for failure to exhaust administrative remedies, as barred by the statute of limitations, barred by *res judicata* and collateral estoppel and as plaintiff previously agreed to arbitrate any claims.  Plaintiff filed a brief opposition and defendant filed a reply.

II. <u>Judicial Notice</u>

    Defendant requests judicial notice (<u>see</u> Docket #16) of, *inter alia*, the Superior Court complaint against this same defendant pertinent to the events of which plaintiff complains in federal court, the Superior Court order regarding arbitration of the state claims, the arbitrator's decision and the FEHA administrative complaint pertinent to plaintiff's claims herein.  These documents are referenced in the factual discussion and in the analysis below.  All of these

1

1    judicial and quasi-judicial documents are susceptible of judicial notice and the undersigned

2    grants defendant's request in this regard.  See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir.

3    2002) *abrogated on other grounds*, see Moreno v. Harris, 245 Fed. Appx.. 606 (9th Cir. 2007).

4    III.  Background

5              The instant complaint, filed on July 30, 2010, alleges that plaintiff's termination

6    from his sales position at Macy's Department Store was discriminatory based on his race, age

7    and gender.  Plaintiff was initially hired by Macy's on October 24, 2004, as a temporary

8    employee and was later offered a full time position.  In September 2005, plaintiff was working in

9    the furniture department.  It appears that plaintiff's employment was terminated in October 2005,

10   though in plaintiff's complaint he states he was working for Macy's in May 2006 and was

11   terminated at some point after that following a series of events.  Unfortunately, plaintiff does not

12   provide a clear time line in his pleadings.  As the events described by plaintiff and defendant are

13   similar, defendant's records and motion indicate plaintiff was terminated in October 2005.  As

14   plaintiff has not stated otherwise in his opposition, the court will assume that plaintiff is simply

15   mistaken in his dates.  The other filings discussed below also demonstrate that plaintiff is

16   mistaken about his dates.[1]  As will be discussed below, even assuming plaintiff was rehired and

17   then fired sometime in 2006, the case must still be dismissed.

18             Plaintiff filed a complaint with the California Department of Fair Employment

19   and Housing (DFEH) on January 19, 2006.  Doc. 16, Exh. 6.  Plaintiff alleged that he was denied

20   equal pay, retaliated against and terminated due to frivolous complaints filed against him and

21   because of his age, ancestry and color.  Id.  On January 23, 2006, plaintiff received a right to sue

22   notice from DFEH.  Doc. 16, Exh. 7.  The notice informed plaintiff that if a federal notice of

23   right to sue is wanted he must file a complaint with the EEOC within 30 days of receiving the

24

25             [1] Plaintiff's Sacramento Superior Court complaint also indicated he was terminated in
     October 2005 (Doc. 16, Exh. 3 at 5) as does the complaint to the California Department of Fair
26   Employment and Housing (Doc. 16, Exh. 3 at 1)

1   DFEH notice or within 300 days of the alleged discriminatory act.  There is no indication

2   plaintiff ever formally filed a complaint with the EEOC.

3          On September 15, 2006, plaintiff filed a complaint in Sacramento County

4   Superior Court.  Doc. 16, Exh. 3.  The suit was against Macy's Department Store and while it is

5   difficult to discern distinct causes of action, it includes allegations that plaintiff's rights were

6   violated due to falsification of facts and false complaints of sexual harassment that led to his

7   termination.  Id.  In March 27, 2007, defendant's motion to compel arbitration was granted and

8   the parties were ordered to arbitration pursuant to the employment agreement.  Doc. 16, Exh. 4.

9          An arbitration decision was issued on July 7, 2008, finding for defendant and also

10  that plaintiff owed defendant $840 for failing to comply with discovery, which plaintiff agreed to

11  pay.  Doc. 16, Exh. 5.  The decision specifically found that there was no merit to plaintiff's

12  claims *including claims of age and race discrimination* and the decision cited to federal law.

13  Doc. 16, Exh. 5 at 4-5.

14         Plaintiff filed the instant action in federal court on July 30, 2010.

15  IV. Standards on a Motion to Dismiss

16         In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

17  a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

18  it must contain factual allegations sufficient to "raise a right to relief above the speculative

19  level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The

20  pleading must contain something more...than...a statement of facts that merely creates a suspicion

21  [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice

22  and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual

23  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

24  ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

25  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

26  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

1    In considering a motion to dismiss, the court must accept as true the allegations of

2  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

3  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

4  motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

5  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

6  that general allegations embrace those specific facts that are necessary to support the claim.'"

7  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

8  (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

9  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

10  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

11    The court may consider facts established by exhibits attached to the complaint.

12  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

13  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

14  1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other

15  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

16  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

17  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

18    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

19  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

20  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

21    The two grounds adjudicated by the court herein are susceptible to a motion to

22  dismiss as the res judicata ground may be established by facts of which the court can take

23  judicial notice, and the statute of limitations ground may be decided on a motion to dismiss if the

24  action is barred on its face or is shown to be barred by judicially noticeable documentation.

25  \\\\\

26  \\\\\

1  V.  Res Judicata

2          Legal Standard

3          *Res judicata*, or claim preclusion, prohibits lawsuits on "any claims that were

4  raised or could have been raised " in a prior action.  Owens v. Kaiser Found. Health Plan, Inc.,

5  244 F.3d 708, 713 (9th Cir. 2001) (quoting W. Radio Servs. Co. v. Glickman, 123 F.3d 1189,

6  1192 (9th Cir. 1997)).  "To determine the preclusive effect of a state court judgment, federal

7  courts look to state law."  Intri-Plex Technologies, Inc. v. The Crest Group, Inc., 499 F.3d 1048,

8  1052 (9th Cir. 2007).

9          While some courts intermix the related principles of *res judicata* and collateral

10  estoppel, California properly distinguishes between the two:

11          "Res judicata" describes the preclusive effect of a final judgment on the merits.
           Res judicata, or claim preclusion, prevents relitigation of the same cause of action
12          in a second suit between the same parties or parties in privity with them.
           Collateral estoppel, or issue preclusion, "precludes relitigation of issues argued
13          and decided in prior proceedings." ( *Lucido v. Superior Court* (1990) 51 Cal.3d
           335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223.) FN7
14
15          FN7. While the term "res judicata" has been used to encompass both claim
           preclusion and issue preclusion, we here use the term "res judicata" only to refer
           to claim preclusion. As we have noted, "The doctrine of collateral estoppel is one
16          aspect of the concept of res judicata. In modern usage, however, the two terms
           have distinct meanings." ( *Lucido v. Superior Court*, *supra*, 51 Cal.3d at p. 341,
17          fn. 3, 272 Cal.Rptr. 767, 795 P.2d 1223.)

18  Mycogen Corp. V. Monsanto Co., 28 Cal. 4th 888, 896, 123 Cal. Rptr. 2d 432, 437 (2002).

19          Thus, *res judicata* may bar a new claim based on the same events as those

20  involved in a prior action, but which claim was not brought in a prior action, whereas collateral

21  estoppel requires a precise identity of issue(s) sought to be litigated in the two actions.  *Res*

22  *judicata* primarily is at issue here in that the previous state court action and arbitration involved

23  discrimination cause(s) of action based on the same events that plaintiff attempts to relitigate

24  here.  Plaintiff attempts to raise the same claims previously decided as well as some new theories

25  within the discrimination cause(s) of action.

26  \\\\\

1    A clear and predictable res judicata doctrine promotes judicial economy. Under
     this doctrine, all claims based on the same cause of action must be decided in a
2    single suit; if not brought initially, they may not be raised at a later date. " 'Res
     judicata precludes piecemeal litigation by splitting a single cause of action or
3    relitigation of the same cause of action on a different legal theory or for different
     relief.' " ( *Weikel v. TCW Realty Fund II Holding Co.* (1997) 55 Cal.App.4th
4    1234, 1245, 65 Cal.Rptr.2d 25.) A predictable doctrine of res judicata benefits
     both the parties and the courts because it "seeks to curtail multiple litigation
5    causing vexation and expense to the parties and wasted effort and expense in
     *judicial administration.*" (7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, §
6    280, p. 820.)

7    Id. at 897, 123 Cal. Rptr. 2d at 438. (Emphasis in original).

8           The Ninth Circuit has held, " '[a]n arbitration decision can have res judicata or

9    collateral estoppel effect.' " C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.

10   1987) (quoting Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1360 (9th Cir.

11   1985)).  The California Court of Appeal held, "[t]he doctrine of res judicata applies not only to

12   judicial proceedings but also to arbitration proceedings. Thibodeau v. Crum, 4 Cal.App.4th 749,

13   755, 6 Cal.Rptr.2d 27 (1992) (quoting Lehto v. Underground Constr. Co., 69 Cal.App.3d 933,

14   939, 138 Cal.Rptr. 419 (1977)).

15                    Analysis

16          Defendant argues that plaintiff's claims are barred by *res judicata* based on the

17   state court arbitration order and the arbitration decision judgment concerning these issues.  In the

18   instant case, *res judicata* applies as the parties are identical from the prior action and plaintiff is

19   indeed bringing the same claims from the prior action.  Furthermore, the prior action resulted in a

20   final (arbitration) judgment on the merits.

21          While plaintiff's superior court complaint was not a model of clarity and it is

22   difficult to discern what his claims are, in arbitration plaintiff presented his claims as race and

23   age discrimination, which were denied in the arbitration decision.  Doc. 16, Exh. 5 at 4-5.

24   Although the superior court complaint does not indicate if plaintiff brought these claims under

25   federal or state law, the arbitration decision denied the claims citing to federal law.  Id. at 4.

26   \\\\\

1    The only difference between the prior superior court complaint, and in the instant
2    complaint, is that plaintiff is now bringing a gender discrimination claim that was not brought in
3    the prior action.  However, *res judicata* bars the gender claim as *it could have been brought in*
4    *the prior action*, as it was based on the same series of events.  See <u>Mycogen</u>, <u>supra</u>; <u>Owens v.</u>
5    <u>Kaiser Found. Health Plan, Inc.</u>, <u>supra</u>.

6    Plaintiff argues that this action should be allowed to proceed, because it is an
7    amendment that relates back to the same operative facts of the 2006 superior court complaint.
8    Plaintiff's argument fails as he is not attempting to amend his superior court complaint.  This is
9    an original complaint filed in federal court.  Plaintiff cannot amend a complaint in federal court
10   that was brought four years prior in state court.  If the rule were otherwise, *res judicata* would be
11   a moribund doctrine.

12   Plaintiff finally argues, at least in his complaint, that he believed the arbitration
13   process to be unfair and that he was "railroaded" by those who make their living doing
14   arbitrations.  He believes he should be able to proceed with his civil rights claims regardless of
15   any arbitration.  While at one point the Supreme Court was trending in the direction of not
16   permitting one's statutory rights under the various discrimination statutes to be avoided by
17   arbitration requirements, <u>Alexander v. Gardner-Denver</u>, 415 U.S. 36, 94 S.Ct. 1011 (1974)
18   (involving a grievance procedure in a collective bargaining agreement), the Supreme Court has
19   squarely found in recent cases that arbitration is a favored mechanism for resolving nearly all
20   claims, including civil rights cases.  <u>Circuit City Stores v. Adams</u>, 532 U.S. 105, 122-123, 121
21   S.Ct. 1302, 1313, and at 131-132 (n.14 citing cases) (Stevens dissenting).  <u>See also</u>, 14 Penn
22   Plaza v. Pyett, __U.S.__. 129 S.Ct. 1456 (2009).

23   For all these reasons, plaintiff's action is barred by *res judicata*.

24   VI.  <u>Exhaustion and Statute of Limitations</u>

25   In addition to being barred by *res judicata* plaintiff's complaint is also barred on
26   its face by the statute of limitations.

1       <u>Legal Standard</u>

2       In order to bring a civil action under Title VII, a plaintiff is first required to

3 exhaust administrative remedies.  <u>See</u> <u>e.g.</u> <u>Lyons v. England</u>, 307 F.3d 1092, 1103-04 (9th Cir.

4 2002).  To exhaust administrative remedies the aggrieved party must file a timely charge with the

5 EEOC.  42 U.S.C. § 2000e-5(b); <u>Lyons</u>, 307 F.3d at 1104.  In a state where there is a law

6 prohibiting the unlawful employment practice and authorizing a state or local authority to grant

7 or seek relief from such practice, the aggrieved party must first begin proceedings under state or

8 local law before filing a charge with the EEOC.  42 U.S.C. § 2000e-5(c).  Generally, a person

9 must file a charge with the EEOC within 180 days after the alleged unlawful employment

10 practice occurred.  42 U.S.C. § 2000e-5(e)(1).  However, if the aggrieved person initially

11 instituted proceedings with a State or local agency, the period for filing with the EEOC is

12 extended to 300 days after the alleged violation.  <u>Id</u>.

13       After filing with the State or local agency, an aggrieved party is not required to

14 file a separate charge with the EEOC.  Under Title VII the state agency has the initial right to

15 process a complaint for 60 days; therefore, a charge is generally not considered filed with the

16 EEOC until the expiration of 60 days, unless the state has "earlier terminated" its proceedings. 42

17 U.S.C.2000e-5(c).  In order to ensure timely filing with the EEOC, a claimant should generally

18 file with the appropriate state agency within 240 days of the alleged unlawful practice.  <u>See</u>

19 <u>Mohosco Corp. v. Silver</u>, 447 U.S. 807, 815, 100 S.Ct. 2486 (1980).  A state agency's

20 proceeding is considered "terminated" if it has waived the 60 day deferral period in a

21 worksharing agreement with the EEOC.  <u>Laquaglia v. Rio Hotel & Casino</u>, 186 F.3d 1172,

22 1174-75 (9th Cir. 1999).  If the state agency waives the deferral period then a charge that is filed

23 with the state agency is considered constructively filed with the EEOC on the same day.

24 <u>Laquaglia</u>, 186 F.3d at 1175; <u>Green v. L . A. County Superintendent of Schools</u>, 883 F.2d 1472,

25 1476 (9th Cir. 1989).

26 \\\\\\

1          The DFEH is the California agency that has entered into a worksharing agreement

2    with the EEOC.  29 C.F.R § 1601.74.  In order to initiate proceedings with the DFEH, the

3    plaintiff must file a charge, which consists of a "verified complaint, in writing."  Cal. Gov't.Code

4    § 12960(b).  Based on the worksharing agreement, the DFEH is considered an agent of the

5    EEOC, and thus, on the date that a charge is initiated with the DFEH it is considered

6    constructively filed with the EEOC.  <u>Green</u>, 883 F.2d at 1476 (9th Cir. 1989).

7          A plaintiff filing a complaint under Title VII has ninety days to file the complaint

8    in federal court after receiving the right to sue letter from the appropriate agency.  <u>See</u> 42 U.S.C.

9    § 2000e-16(c) ("Within 90 days of receipt of notice of final action taken by ... the [EEOC] ... if

10   aggrieved by the final disposition of his complaint, or by the failure to take final action on his

11   complaint, [an employee] may file a civil action [.]"); 42 U.S.C. § 2000e-5(f)(1) (requiring the

12   filing of a civil action within 90 days of receiving a right to sue notice).  This requirement

13   effectively serves as a statute of limitations for the filing of Title VII claims.  <u>See</u> <u>Surrell v.</u>

14   <u>California Water Services</u>, 518 F.3d 1097, 1104 (9th Cir. 2008); <u>Nelmida v. Shelly Eurocars,</u>

15   <u>Inc.</u>, 112 F.3d 380, 383 (9th Cir. 1997).  If a claimant fails to file the civil action within the

16   ninety-day period, the action is barred.  <u>Scholar v. Pacific Bell</u>, 963 F.2d 264, 267 (9th Cir.

17   1992).  Similarly, plaintiff must bring a civil action under the Age Discrimination in

18   Employment Act (ADEA) within 90 days after receiving a right to sue notice from the

19   appropriate agency.  29 U.S.C. § 626(e).

20         <u>Analysis</u>

21         Plaintiff filed a complaint with DFEH on January 19, 2006.  Doc. 16, Exh. 6.  On

22   January 23, 2006, plaintiff received a right to sue notice from DFEH.  The fact that plaintiff did

23   not file a separate charge with the EEOC is not outcome determinative in this case.  However,

24   plaintiff filed the instant federal case on July 30, 2010, more than four years after he received the

25   right to sue notice from DFEH and well beyond the ninety days allowed to commence a suit.  The

26   instant complaint was also filed more than two years after the issuance of the arbitration decision.

1   While plaintiff has not set forth any arguments for equitable tolling, any such argument

2   requesting tolling due to the superior court case or arbitration would be meritless as plaintiff was

3   still well beyond the statute of limitations, as the arbitration decision was issued in 2008.

4          As discussed above, there is a discrepancy regarding the dates plaintiff was hired

5   and fired.  Plaintiff states that his seasonal position ended in late 2005 and then he was rehired in

6   the furniture department in 2006 and then improperly fired.  Assuming that plaintiff's dates are

7   accurate, plaintiff has presented no evidence that he exhausted his administrative remedies for

8   any incidents in 2006.  The lack of any exhaustion is a jurisdictional impediment.  <u>Sommatino v.</u>

9   <u>United States</u>, 255 F.3d 704, 708 (9th Cir. 2001).  His complaint with DFEH was filed on

10  January 19, 2006, and only involved the termination in October 2005.  If plaintiff was rehired in

11  2006 after his October 2005, termination, he has failed to present evidence in this motion to

12  dismiss that he exhausted his administrative remedies for any other incidents.  Also, plaintiff is

13  well beyond the statute of limitations by filing the instant complaint approximately four years

14  after the alleged conduct.[2]

15         Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial

16  notice is granted;

17         IT IS HEREBY RECOMMENDED that for the reasons stated above defendant's

18  motion to dismiss (Doc. 21) be granted and this case dismissed.  As there does not appear to be

19  any way that plaintiff could amend his complaint to avoid the *res judicata* bar and/or the statute

20  of limitations expiration, the undersigned will not order such amendment.

21         These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

23  days after being served with these findings and recommendations, any party may file written

24

25         [2] Plaintiff also argues that the arbitration clause in the contract would not be valid when
     he was rehired.  Even if this is accurate, plaintiff's claim must still be dismissed as being
26  untimely and for failure to exhaust.

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within seven days after service of the objections.  The parties are

4  advised that failure to file objections within the specified time may waive the right to appeal the

5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  DATED: April 29, 2011

7                                              /s/ Gregory G. Hollows

8                                              _____
                                               GREGORY G. HOLLOWS
                                               U. S. MAGISTRATE JUDGE

9  GGH: AB
   dris2033.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26